UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

In re:

Rafael Fernandez Pena

Case No.   13-16848-AJC

Chapter 7

_____/

## TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

**COMES NOW**, Maria M. Yip, the Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of Rafael Fernandez Pena (the "Debtor"), moves (the "Motion"), pursuant to Federal Bankruptcy Rule 9019, and Local Rules 9013-1(D), to approve the Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Stipulation") entered into by and between the Trustee and the Debtor. In support of the Motion, the Trustee states as follows:

### Background and Jurisdiction

1.    On March 27, 2013 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Maria M. Yip was appointed as Chapter 7 Trustee.

2.    The Trustee has evaluated the Debtor's property valuations and claimed exemptions and determined that the resolution agreed upon with the Debtor is in the best interests of the Estate. The details of the analysis and agreement are set forth in the Stipulation, attached hereto as Exhibit "A".

3.      The Stipulation provides for repurchase of certain of the Debtor's non-exempt assets, (the "Settlement").

4.      Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Debtor's non-exempt property and resolution of the other matters set forth in the Stipulation.

5.      The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

### Legal Standard for Settlement

6.      Bankruptcy Rule 9019(a) provides: "On motion....and after a hearing on notice to creditors, the debtor.... and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7.      As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.)(citing *Rivercity v. Herpel* (*in re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen* (*In re Teltronics Servs., Inc.*) 762F.2d 185, 189 (2nd Cir. 1985); *In re Prudence Co.*, 98 F.2d 599 (2d Cir. 1938), cert denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

8.      The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Roddman (in re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S. 822 (1983)).

9.      According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

(a)      The probability of success in litigation;
(b)      The difficulties, if any, to be encountered in the matter of collection;
(c)      The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
(d)      The paramount interest of the creditors and a proper defense to their reasonable views in the premises.

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for the Southern District of Florida permits, inter alia, relief without a hearing for motions to approve settlement.

*Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 12544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

10.     The Trustee believes that the proposed settlement meets the standards set forth in *In re Jackson Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B".

**WHEREFORE**, Maria M. Yip, as Chapter 7 Trustee of the Bankruptcy Estate of Rafael Fernandez Pena and , respectfully requests this Court enter an Order (1) granting the Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing will be served to all parties on the attached service list and was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on May 30, 2013:

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Mary Reyes, Esq on behalf of Debtor Rafael Fernandez Pena
rcjlawecf@gmail.com, rcjlawpa@aol.com

Signed:   /s/ Maria M. Yip, Trustee
              Maria M. Yip, Trustee
              201 Alhambra Circle, Suite 501
              Coral Gables, FL 33134
              Telephone: 305-908-1862
              Facsimile:  786-800-3903
              trustee@yipcpa.com

Label Matrix for local noticing
113C-1
Case 13-16848-AJC
Southern District of Florida
Miami
Thu May 30 15:31:19 EDT 2013

(p)AMERICAN HONDA FINANCE
P O BOX 168088
IRVING TX 75016-8088

Aurorabank
601 5th Avenue
Scottsbluff, NE 69361-3581

Bk Of Amer
Po Box 982235
El Paso, TX 79998-2235

Chase
P.O. Box 15298
Wilmington, DE 19850-5298

Discover Bank
DB Servicing Corporation
PO Box 3025
New Albany, OH  43054-3025

Gecrb/Jcp
Po Box 984100
El Paso, TX 79998

Internal Revenue Service
POB 7346
Philadelphia, PA 19101-7346

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Target Nb
Po Box 673
Minneapolis, MN 55440-0673

Accelerated Recovery Services, Inc.
POB 2368
Redwood City, CA 94064-2368

Amex
4315 S 2700 W
Salt Lake City, UT 84184-0001

Bac/Fleet-Bkcard
200 Tournament Dr
Horsham, PA 19044-3606

Cap One Na
8401 Connecticut Avenue
Chevy Chase, MD 20815-5803

Chase Manhattan Mtge
3415 Vision Dr
Columbus, OH 43219-6009

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850-5316

Gecrb/Modernage
Po Box 981439
El Paso, TX 79998-1439

Mcydsnb
9111 Duke Blvd
Mason, OH 45040-8999

Radio/Cbna
Po Box 6497
Sioux Falls, SD 57117-6497

Td Auto Finance
Po Box 9223
Farmington Hills, MI 48333-9223

Aegis Mortgage Corp
3250 Briarpark Dr Ste 40
Houston, TX 77042-4462

Amex
Po Box 297871
Fort Lauderdale, FL 33329-7871

Bank Of America
Po Box 982235
El Paso, TX 79998-2235

Carmax Auto Finance
2040 Thalbro St
Richmond, VA 23230-3200

Chase Na
2500 Westfield Dr
Elgin, IL 60124-7836

Gecrb/Discount Tire
Po Box 981439
El Paso, TX 79998-1439

Indymac Bk
6900 Beatrice Drive  Po Box 4045
Kalamazoo, MI 49003-4045

Miami Dade County Tax Collector
140 W. Flagler Street
Suite 1407
Miami, FL 33130-1561

Select Portfolio Svcin
Po Box 65250
Salt Lake City, UT 84165-0250

Visdsnb
9111 Duke Blvd
Mason, OH 45040-8999

```
(p)WACHOVIA DEALER SERVICES INC          Wffnatbank                              Wffnatbank
BK DEPARTMENT                            P. O. Box 94498  Branch 3827            Po Box 94498
PO BOX 19657                             Las Vegas, NV 89193-4498               Las Vegas, NV 89193-4498
IRVINE CA 92623-9657
```

```
Maria Yip                                Mary Reyes Esq                          Rafael Fernandez Pena
201 Alhambra Cir # 501                   782 NW 42 Ave #447                      POB 527721
Coral Gables, FL 33134-5105              Miami, FL 33126-5549                    Miami, FL 33152-7721
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
American Honda Finance                   Wfds/Wds
201 Little Falls Dr                      Po Box 1697
Wilmington, DE 19808                     Winterville, NC 28590
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Wells fargo dealer services          (u)Miami                                (d)Chase
P.O. BOX 19657                                                                   Po Box 15298
Irvine92627                                                                      Wilmington, DE 19850-5298
```

```
End of Label Matrix
Mailable recipients    35
Bypassed recipients     3
Total                  38
```

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WWW.FLSB.USCOURTS.GOV

| | | |
|---|---|---|
| In re: | : | CASE NO.: 13-16848 |
| | : | |
| RAFAEL FERNANDEZ PENA | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | / | |

## STIPULATION TO COMPROMISE CONTROVERSY REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON EXEMPT ASSETS

This Stipulation is entered into between Maria Yip ("the Trustee"), and Rafael Fernandez Pena ("the Debtor"), on May 20, 2013.

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 27, 2013;

WHEREAS, Maria Yip is the duly appointed Chapter 7 Trustee;

WHEREAS, on Schedule B, the Debtor listed a 2007 Chevrolet Tahoe with a value of $12,500.00;

WHEREAS, the Debtor has claimed a portion of the 2007 Chevrolet Tahoe as exempt;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1.     The Debtor will pay the Trustee the total sum of $5,460 in twelve (12) equal

monthly payments of $455.00 on the 1st of each month. The first payment is due on or before June 1, 2013. The final payment is due on or before May 1, 2014.

2.      The payments will be by cashier's check or money order made payable to the order of Maria Yip, Trustee and mailed to the Trustee's office at: 201 Alhambra Cir. #501, Coral Gables, FL 33134. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

3.      As part of this Settlement, the Debtor agrees that the deadline for the Trustee to object to claimed exemptions and discharge shall be extended until ten (10) days after the entry of any order approving this Stipulation is entered, and that the Trustee may file an agreed motion necessary to effectuate such extension.

4.      As part of this Settlement, the Debtor agrees to: i) maintain full liability and property damage insurance on the 2007 Chevrolet Tahoe until such time as the vehicle is sold at auction or the Settlement Amount is paid in full and (ii) name Maria Yip, Trustee as loss payee (or other interested party) and additional insured on the insurance policy for the vehicle referenced above and to provide the Trustee with a Certificate of Insurance evidencing coverage, within 10 days of execution of this stipulation. The Debtor further agrees that upon the lapse of said policy, the Debtor shall immediately reinstate the insurance policy or obtain a new policy, and provide the Trustee with the reinstatement notice, or a copy of the new policy

5.      As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), is true and correct and (4) the Documents contain no

2

[illegible]

[illegible] this Stipulation shall not affect the [illegible] right to seek turnover of such [illegible] or to avail itself of the remedies provided under the Bankruptcy Code. [illegible]

[illegible]

[illegible] purpose any of the potential preference claims that may exist in this case.

[illegible] This Stipulation resolves all issues between the Trustee and Debtor regarding [illegible]

[illegible]

[illegible] or should any of the Debtor's [illegible] and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the

misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

6.      If the Debtor complies with all the terms of this Stipulation, he will keep all the real and personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property.

7.      If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

8.      If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

9.      If the Debtor complies with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

10.      This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

11.      If the Debtor fails to timely make any of the payments described in paragraph 1, or fails to comply with the provisions in paragraph 4, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

12.      In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the

3

Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at an annual rate of 5%, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

13.    This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

14.    The Trustee has accepted this settlement subject to this Court's approval.

15.    All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

16.    Time is of the essence as to all deadlines within this stipulation.

17.    This agreement represents the full and complete understanding of the parties.

18.    The Trustee believes that this agreement is in the best interest of the estate.

19.    This agreement may be signed in counterparts.

20.    The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

4

(INTENTIONALLY LEFT BLANK)

_____
RAFAEL FERNANDEZ PENA                    DATE
DEBTOR

_____
MARY REYES, ESQ.                         DATE
DEBTOR'S ATTORNEY

_____
MARIA YIP                                DATE
TRUSTEE

5

EXHIBIT "B"

PROPOSED

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

In Re:                                          Case No. 13-16848-AJC

Rafael Fernandez Pena                           Chapter 7 Proceeding


_____Debtor(s)_____/

## ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS

**THIS CAUSE** came before this Court upon the Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Motion"). The Court having reviewed the Motion and the certificate of No Response, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in re Justice Oaks II, Ltd. 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interest of the Estate, and finding that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rule 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, it is **ORDERED AND ADJUDGED:**

1. The Motion is GRANTED.

2.  The compromise and settlement is approved on the terms and conditions set forth in the Motion and Stipulation attached to the Motion.

3.  The Court incorporates the terms of the Stipulation into this Order and retain jurisdiction to enforce the terms thereof.

<p align="center">###</p>

**Submitted by:**
Maria M. Yip, Trustee
201 Alhambra Circle, Suite 501
Coral Gables, FL 33134
Telephone:  305-908-1862
Facsimile:   786-800-3903
trustee@yipcpa.com

**Copies Furnished to:**
Maria M. Yip, Trustee

*Trustee Yip is directed to serve copies of this Order upon all parties in interest upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.*